```
IN THE UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF FLORIDA

            MIAMI DIVISION

     CASE NO.:  18-cr-20773-KMW-1
```

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,            )      September 28, 2018
                             )
                             )
JEROME ALLEN,                )      Pages 1 - 14
                             )
        Defendant.            )
_____/

INITIAL APPEARANCE AND ARRAIGNMENT

BEFORE THE HONORABLE ANDREA M. SIMONTON
    UNITED STATES CHIEF MAGISTRATE JUDGE

APPEARANCES:

On behalf of Plaintiff:

                    UNITED STATES ATTORNEY'S OFFICE
                    99 NE 4th Street,
                    Miami, FL 33132
                    BY:  DREW J.M. BRADYLYONS, AUSA

```
 1
    APPEARANCES CONTINUED:
 2

 3  On behalf of the Defendant:

 4                         LAW OFFICE OF RONALD S. SULLIVAN, JR.
                           712 H. Street, NE
 5                         Suite 1354,
                           Washington, DC 20002.
 6                         BY:  RONALD S. SULLIVAN, JR., ESQ.

 7

 8

 9
    Transcribed By:
10
                           BONNIE JOY LEWIS, R.P.R.
11                         7001 SW 13 Street
                           Pembroke Pines, FL   33023
12                         954-985-8875
                           caselawrptg@gmail.com
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              (Thereupon, the following proceeding was held:)
 2              THE COURTROOM DEPUTY:  All rise.
 3              The United States Court for the Southern District of
 4   Florida is now in session.  Chief Magistrate Judge Andrea M.
 5   Simonton is now presiding
 6              THE COURT:  Good afternoon.  Please be seated.
 7              I believe most of the Defendants present in court
 8   today are here for initial appearances in connection with
 9   various charges that have been filed.  Because you all have the
10   same rights, I am going to advise you of your rights as a
11   group, but I want you to listen carefully because your rights
12   are important.
13              If you have any questions about your rights, you can
14   ask me those questions when I call your case.  And I will ask
15   you to come to the center of the courtroom and stand behind the
16   microphone.  At which time, I will advise you what you have
17   been charged with, or the nature of the violations that have
18   been alleged, and we will set some dates for some further
19   proceedings.
20              You each have the right to hire a lawyer or to have a
21   lawyer appointed for you by the Court without cost to you if
22   you cannot afford a lawyer;
23              You have the right to have your lawyer present during
24   any questioning by the authorities and in all court
25   proceedings, including this one;
```

1          You have the right to talk to your lawyer before you
2   answer any questions or while you are answering questions.  If
3   you cannot afford a lawyer and you want me to appoint one for
4   you, you will be placed under oath and asked certain questions
5   about your finances to determine whether you qualify for the
6   appointment of counsel to be paid for by the Court.
7          If you do qualify, I will appoint the Federal Public
8   Defender to represent you, unless that office has a conflict
9   based upon its representation of another person.  If the Public
10  Defender's Office has a conflict, I will appoint a private
11  attorney to represent you.
12         You are not required to make any statements or say
13  anything and anything that you say may be used against you.  If
14  you start to say something and change your mind, you can stop
15  at any time and say nothing further.
16         If you are not a United States citizen, you may
17  request that the Government notify a consular officer from your
18  country that you have been arrested, but even without your
19  request a treaty or other international agreement may require
20  consulate notification.
21         You are entitled to a bond hearing or to a detention
22  hearing if the Government is requesting that you be held
23  without bond.  At that time either I, or another Judge, will
24  determine under what, if any, conditions you can be released
25  from custody while your case is pending.

1        If you are released on bond and you fail to appear as
2 required, you can be charged with a separate crime based upon
3 your failure to appear and sentenced for that, whether or not
4 you are guilty of what you are charged with here today.
5        If you are released on bond and you fail to appear in
6 court as required, you will obviously have your bond revoked as
7 well and any property that has been posted can be forfeited to
8 the Government.
9        If you have not been indicted or charged by a Grand
10 Jury, you are entitled to what is called a preliminary hearing
11 or a probable cause hearing within 14 days of your appearance
12 here in court if you are held in custody, or within 21 days if
13 you are released on bond.
14        At this hearing, the Government will be required to
15 present evidence to show that there is probable cause to
16 believe that you committed the crime with which you are
17 charged.
18        If, however, the Grand Jury returns an indictment
19 against you, you are not entitled to a probable cause hearing
20 before the Court.
21        A Grand Jury is a group of between 16 and 23 citizens
22 who are sworn to examine the evidence presented and then
23 determine whether to return an indictment based upon their
24 finding of probable cause.
25        Once an indictment has been returned, you are no

1  longer entitled to a probable cause hearing before the Court.
2  However, you will come back to court for another proceeding
3  that is called an arraignment.  At that time, you will be
4  advised of the charges that have been brought against you and
5  you will be asked to enter a plea to those charges.
6       I am going to turn to the calendar now and when I call
7  your name, please step forward and stand behind the podium at
8  the center of the courtroom.
9  (Thereupon, Defendant Jerome Allen was called:)
10       THE COURT:  Calling United States versus Jerome Allen;
11  Case Number 18-20773.
12       MR. SULLIVAN:  Good afternoon, Your Honor.  Ronald
13  Sullivan on behalf of Mr. Allen.
14       THE COURT:  Okay.  Thank you.
15       And on behalf of the Government?
16       MR. BRADYLYONS:  Good afternoon, Your Honor.  Drew
17  Bradylyons on behalf of the United States.
18       THE COURT:  Okay.  Mr. Allen, you are here today
19  because there was an information filed against you.
20       And it charges that you committed the offense of money
21  laundering.  And specifically, that on or about December 1st of
22  2014, in Miami-Dade County here in the Southern District of
23  Florida, you did knowingly engage and attempt to engage in a
24  monetary transaction by, through, and to a financial
25  institution effecting interstate and foreign commerce of

1  criminally derived property of a value greater than $10,000
2  which had been derived from the specified unlawful activity of
3  wire fraud.
4           Do you understand what you have been charged with in
5  this information?
6           THE DEFENDANT:  Yes, I do, Your Honor.
7           THE COURT:  And do you understand the rights that I
8  advised you of earlier in these proceedings?
9           THE DEFENDANT:  Yes, I do.
10          THE COURT:  Okay.  What is your name and age?
11          THE DEFENDANT:  My name is Jerome Allen and I am 45
12 years old.
13          THE COURT:  Thank you, sir.
14          And I believe, Mr. Sullivan, you have entered an
15 appearance in this case since Judge Williams entered an order
16 granting your motion to appear *pro hac vice*?
17          MR. SULLIVAN:  That is correct, Your Honor, this
18 morning.
19          THE COURT:  Okay.  And Michelle Medina, from the Baez
20 Law Firm, is local counsel?
21          MR. SULLIVAN:  Correct, Your Honor.
22          THE COURT:  The first thing that I need to do, before
23 we do anything else, is determine whether you want to waive
24 your right to an indictment in this case.
25          And in order to do that, I need to make sure you

```
 1  understand your right to an indictment and, then, the waiver
 2  has to be executed in open court.  And so I am going to place
 3  you under oath at this time, Mr. Allen.
 4          Would you please raise your right hand?
 5          THE DEFENDANT:  (Complied.)
 6          THE COURT:  Okay.  Thank you, sir.  You can lower your
 7  hand.
 8          How far did you go in school?
 9          THE DEFENDANT:  I graduated from college.
10          THE COURT:  Okay.  And you are able to speak and
11  understand English; is that correct?
12          THE DEFENDANT:  Yes, Your Honor.
13          THE COURT:  Are you currently or have you recently
14  been under the care of a physician, or a psychiatrist, or been
15  hospitalized or treated for narcotics addiction?
16          THE DEFENDANT:  No, Your Honor.
17          THE COURT:  Have you taken any drugs, medicine or
18  pills, or drunk any alcoholic beverage in the past 24 hours?
19          THE DEFENDANT:  No, Your Honor.
20          THE COURT:  Have you been furnished a copy of the
21  information that has been filed in this case that I have just
22  described to you?
23          THE DEFENDANT:  Yes, Your Honor.
24          THE COURT:  Okay.  And do you understand that charge?
25          THE DEFENDANT:  Yes, Your Honor.
```

```
 1            THE COURT:  Okay.  You have the constitutional right
 2   to be charged by an indictment returned by a Grand Jury, but
 3   you can waive that right and consent or agree to being charged
 4   by an information filed by the United States attorney.
 5            Instead of an indictment, this felony charge against
 6   you has been brought by the United States attorney by filing an
 7   information.  Unless you waive indictment you may not be
 8   charged with a felony unless if the Grand Jury finds, by
 9   returning an indictment, that there is probable cause to
10   believe that a crime has been committed and that you committed
11   that crime.  If you do not waive indictment, the Government may
12   present the case to the Grand Jury and ask it to indict you.
13            As I told you earlier in the proceedings, a Grand Jury
14   is composed of at least 16 and not more than 23 persons.  At
15   least 12 Grand Jurors must find that there is probable cause to
16   believe you committed the crime with which you are charged
17   before you can be indicted.
18            The Grand Jury might or might not indict you.  If you
19   waive indictment by the Grand Jury, the case will proceed
20   against you on the information that has been filed in this case
21   by the U.S. attorney just as though you had been indicted.
22            Have you discussed waiving your right to indictment by
23   the Grand Jury with your lawyer?
24            THE DEFENDANT:  Yes, I have, Your Honor.
25            THE COURT:  Do you understand your right to indictment
```

```
 1  by the Grand Jury?
 2          THE DEFENDANT:  Yes, I do, Your Honor.
 3          THE COURT:  Have any threats or promises been made to
 4  induce you to waive indictment?
 5          THE DEFENDANT:  No, Your Honor.
 6          THE COURT:  Do you now wish to waive your right to
 7  indictment by the Grand Jury?
 8          THE DEFENDANT:  Yes, I do.
 9          THE COURT:  Okay.  And we have a form.  I don't know
10  if you have filled out a form separately.  If not you can come
11  forward and get the form that we have.
12          MR. SULLIVAN:  Thank you, Your Honor.
13          THE COURT:  Okay.  And I ask that he sign it to
14  confirm that he waives indictment.
15          Let me ask you, Mr. Sullivan, are you aware of any
16  reason why he should not waive indictment?
17          MR. SULLIVAN:  No, Your Honor, I am not.
18          THE COURT:  Okay.
19          MR. SULLIVAN:  May I approach?
20          THE COURT:  Yes, please.
21          Okay.  Thank you.  And I will also sign the waiver of
22  indictment form.
23          Okay.  Now, moving right along, are you prepared for
24  an arraignment on this information?
25          MR. SULLIVAN:  Yes, Your Honor.
```

```
 1              THE COURT:  And do you waive a formal reading of the
 2   information?
 3              MR. SULLIVAN:  We waive formal reading of the
 4   information.  I will assert Mr. Allen's rights under the Fifth
 5   and Sixth Amendments, right to a speedy trial, right to a trial
 6   by jury.  And ask that Your Honor enter a plea of not guilty on
 7   his behalf and enter or issue order that the issuance of this
 8   jurisdiction's -- we call it different things.  I'm sorry.
 9              THE COURT:  I know.  No, I understand.
10              MR. SULLIVAN:  But your discovery order.
11              THE COURT:  Our standing discovery order.
12              MR. SULLIVAN:  Yes.  Thank you, Your Honor.
13              THE COURT:  Yes, I know it varies from district to
14   district, but it is all the same.
15              MR. SULLIVAN:  It's all the same substance.
16              THE COURT:  So I will accept your waiver of a further
17   reading of the indictment.  He does have a right to a trial --
18              MR. SULLIVAN:  Information for the record.
19              THE COURT:  Right.  Waives reading of the information.
20   That is correct.  Thank you.
21              And he does have a right to a jury trial before Judge
22   Williams.  I will enter a not guilty plea as well as the
23   standing discovery order on these charges.
24              And now we need to reach the issue of bond.  What is
25   the Government's recommendation?
```

1          MR. BRADYLYONS:  Your Honor, the Government and
2  Defendant have agreed to recommend a $100,000 personal surety
3  bond.
4          THE COURT:  Okay.  Are there any conditions that are
5  being requested with respect to this bond?
6          MR. BRADYLYONS:  Yes, Your Honor.
7           Two conditions, specifically.  The first is that the
8  Defendant be permitted to reside in the District of
9  Massachusetts.  And the second is that he be permitted to
10 travel as is required for his professional employment.
11         THE COURT:  And where does he want to travel for his
12 employment?
13         MR. BRADYLYONS:  His employment requires extensive
14 travel throughout the United States and I think on occasion to
15 Canada.
16         THE COURT:  Okay.  So he will require his passport?
17         MR. BRADYLYONS:  Yes, Your Honor.  That is correct.
18         THE COURT:  Okay.  Under the circumstances and given
19 the fact that he has surrendered here today, I will accept the
20 recommendation.  What I will require -- and I will set a
21 $100,000 personal surety bond.
22          I am going to require reporting to Pretrial Services
23 as directed by them, which can be telephonic.  I will permit
24 him to reside in the District of Massachusetts.  And his travel
25 will be permitted as necessary for employment throughout the

```
 1  United States and to Canada with notice prior to travel
 2  provided to the supervising Pretrial Services officer.
 3          So when you are going to leave the District of
 4  Massachusetts to travel for purposes of employment or,
 5  actually, in addition I will permit travel as necessary to
 6  appear in the Southern District of Florida on these charges.
 7          But, in both cases, what you will have to do is give
 8  notice to Pretrial Services so they know that you will be out
 9  of the District of Massachusetts.
10          Are there any other conditions that the Government is
11  requesting?
12          MR. BRADYLYONS:  No, Your Honor.
13          THE COURT:  Okay.  And so I think that that should
14  cover pretty much everything at this point and that all further
15  proceedings will occur before Judge Williams.
16          Is that your understanding, Mr. Sullivan?
17          MR. SULLIVAN:  Yes, Your Honor.
18          THE COURT:  I would like to make sure I have not
19  forgotten something.
20          And is that the Government's position as well?
21          MR. BRADYLYONS:  Yes, it is, Your Honor.  Thank you.
22          THE COURT:  And are you going to be appearing
23  regularly in this case?  Because the only Government attorney
24  of record is Miss Young?
25          MR. BRADYLYONS:  Yes, Your Honor.  I will be noticing
```

```
 1  an appearance.
 2          THE COURT:  I was going to say you need to file a
 3  notice of appearance as well so you appear on the record.
 4          Thank you very much.
 5          You will be processed by the Marshal Service, Mr.
 6  Allen.  And then, assuming there are no outstanding arrest
 7  warrants, you will be released today.
 8          THE DEFENDANT:  Thank you, Your Honor.
 9          THE COURT:  Okay.  Thank you.
10          (Thereupon, the proceedings concluded.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2                          CERTIFICATE
 3
 4      I hereby certify that the foregoing transcript is an
 5 accurate transcript of the audio recorded proceedings in the
 6 above-entitled matter.
 7
 8
 9
10 01/07/19                        Bonnie Joy Lewis,
11                          Registered Professional Reporter
                                CASE LAW REPORTING, INC.
12                              7001 Southwest 13 Street,
                              Pembroke Pines, Florida 33023
13                                    954-985-8875
14
15
16
17
18
19
20
21
22
23
24
25
```