UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 18-CR-20773-WILLIAMS

**UNITED STATES OF AMERICA,**

vs.

**JEROME ALLEN,**

    **Defendant.**

_____/

**GOVERNMENT'S RESPONSE TO THE PRESENTENCE INVESTIGATION REPORT**

    The United States of America respectfully submits this Response to the Presentence Investigation Report ("PSR") for Jerome Allen. On October 3, 2018, Allen pled guilty, pursuant to a Plea Agreement, to an information charging one count of money laundering, in violation of 18 U.S.C. § 1957. The Plea Agreement (DE10) recommends that the total adjusted offense level for Allen is 11, with a corresponding sentencing range of 8-14 months. The PSR, in contrast, has calculated the total adjusted offense level for Allen as 16, with a range of 21-27 months. For the reasons set forth below, the United States asks the Court to adopt the Guidelines calculation agreed upon by the parties in the Plea Agreement.

**FACTUAL AND PROCEDURAL BACKGROUND**

    A.    **The Offense**

    In January 2017, Allen was approached by law enforcement and, without an attorney, admitted to accepting bribes from Philip Esformes to secure admission for Esformes' family member at the University of Pennsylvania and a spot on the basketball team. During that initial

1

interview, Allen reviewed a summary of wire transfers he received from Esformes via a "charity" bank account in the name of one of Esformes' nursing home administrators.

Allen subsequently obtained an attorney and provided additional information to the Government under the protections of a *Kastigar* letter. The *Kastigar* letter provides, among other things, that the Government "will not offer into evidence … in connection with any sentencing proceeding for the purposes of determining an appropriate sentence, any statements made by [Allen] at the meeting." During the meeting subject to these protections, Allen clarified, and expanded on, the way he received bribes from Esformes, which included cash payments as well.

### B.     The Plea Agreement

Pursuant to the Plea Agreement, Allen pled guilty to one count of money laundering, in violation of 18 U.S.C. § 1957. The loss contemplated by the Plea Agreement is based upon a December 1, 2014 wire transfer of $18,000 from Esformes, via the "charity" bank account, to an account Allen opened for the purposes of receiving the bribes. DE11. On January 15, 2015, Allen transferred $11,000 of the wire he received from Esformes to a joint bank account he shared with his wife. *Id*. The Plea Agreement only included as loss the $18,000 bribe payment that funded the $11,000 transfer Allen made to the joint account with his wife. Based upon these transactions, the Plea Agreement recommends that the total adjusted offense for Allen should be 11. The Plea Agreement did not contemplate a loss calculation with any of the additional bribe payments as relevant conduct. Instead, as part of the negotiated resolution of this matter, Allen agreed to pay a fine equivalent to the remainder of the wire transfers he received from Esformes (totaling $202,000).

### C. The PSR

The PSR, in recommending a higher loss calculation than contemplated by the Plea Agreement, has taken the total dollar figure from a chart of wires provided by agents to Allen during his initial uncounseled interview ($233,000), and then added a payment of $10,000 for reasons unknown to the parties, bringing the total loss to $243,000 and raising Allen's adjusted offense level to 16.[1]  The PSR included theses additional wire transfers and $10,000 payment as relevant conduct under USSG § 1B1.3(a).  DE16:23.  The PSR is otherwise in accord with the Plea Agreement.

### D. Esformes Trial

In March 2019, Allen testified at Esformes' trial and explained how he received cash and also $220,000 via wire transfers from Esformes, in exchange for helping Esformes' son secure admission to the University of Pennsylvania (16-CR-20459-RNS, GX 32G).  The jury ultimately convicted Esformes of two counts related to Allen's testimony:  1) conspiracy to commit federal program bribery, in violation of 18 U.S.C. § 666; and 2) laundering the proceeds of health care fraud and wire fraud, in violation of 18 U.S.C. § 1956, by paying Allen $18,000 on December 1,

---

[1]     The actual amount of the wire transfers from Esformes to Allen was $220,000 and not $233,000, as demonstrated during the Esformes trial.  While under the protection of a *Kastigar* letter, Allen clarified that, in the initial interview with agents, he mistakenly identified three wires to his son (who also shares his same name) as payments that he received from Esformes.  In addition, after Allen's initial interview, the Government realized that one of the wires Allen received was reversed and subsequently resent.  As a result, calculation of the money Allen received from Esformes via wire decreased from $233,000 to $220,000.  The additional $10,000 in the PSR is unfounded, to the Government's knowledge.  The Government informed probation of these discrepancies and probation will likely issue and addendum to the PSR.

2015; and 3) conspiracy to launder the proceeds of health care fraud and wire fraud, violation of 18 U.S.C. § 1956.[2]

## RESPONSE TO THE PSR

The Government respectfully requests that the Court apply the Guidelines as contemplated by the parties' Plea Agreement. The recommendations in the Plea Agreement reflect Allen's immediate confession to the illegal conduct and his cooperation with the Government. The Plea Agreement also accounts for the additional bribes Allen received via wire transfer, by recommending a fine of $202,000. The PSR's higher loss recommendation and the inclusion of additional relevant conduct does not comport with Allen's cooperation or the parties' negotiated resolution. And while the PSR can certainly rely on relevant conduct regarding the underlying offense, the Government nevertheless intends to stand by its negotiated Plea Agreement with the Defendant, and to recommend a sentence on that basis.[3]

In addition, although Allen confessed in his uncounseled interview to receiving a larger sum than the Plea Agreement contemplates and those payments could have been added as relevant

---

[2] Allen's plea agreement therefore stands in contrast to Esformes' conviction for the same $18,000 transaction. Esformes was convicted of laundering those health care fraud proceeds by paying Allen, in violation of 18 U.S.C. § 1956, as well as a conspiracy to launder the proceeds of health care fraud.

[3] While the PSR stated that the entirety of the wires Allen received constituted the "value of the laundered funds," DE 16:13, that is not supported by the record. *See* U.S.S.G. § 2S1.1(a)(2). The Government informed probation of this issue and probation will likely issue an addendum to the PSR that bases the Guidelines Calculation instead on Section 2S1.1(a)(1), which requires a determination of the underlying offense from which the laundering funds were derived. In the Plea Agreement, the Government calculated the underlying offense from which the laundered funds were derived based on the single transaction that formed the basis of Allen's guilty plea; probation will likely rely on the other wire transfers as relevant conduct to calculate the underlying offense from which the laundered funds were derived. The Government does not object to probation's calculation of the Guidelines in this manner, but did not include additional relevant conduct for the purposes of the Plea Agreement.

conduct, Allen provided additional details about the actual value of the bribe payments (including his receipt of cash payments) under the protection of the *Kastigar* letter. Simply put, the Government asks the Court to adopt the Guidelines calculation contemplated by the Plea Agreement, in light of the spirit of the *Kasitgar* letter and Allen's cooperation in this case.

Dated: April 19, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　ARIANA FAJARDO ORSHAN
　　　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY

　　　　　　　　　　　　　　　　　　　ROBERT ZINK, ACTING CHIEF
　　　　　　　　　　　　　　　　　　　CRIMINAL DIVISION, FRAUD SECTION
　　　　　　　　　　　　　　　　　　　U.S. DEPARTMENT OF JUSTICE

　　　　　　　　　　　　By:　　*/s/ Elizabeth Young* _____
　　　　　　　　　　　　　　　　Elizabeth Young
　　　　　　　　　　　　　　　　Florida Special Bar No. A5501858
　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　Criminal Division, Fraud Section
　　　　　　　　　　　　　　　　1400 New York Ave., NW
　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　Tel: (202) 616-2171
　　　　　　　　　　　　　　　　Email: Elizabeth.Young@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 19, 2019, I filed the forgoing document with the Clerk of the Court and served it on opposing counsel over e-mail.

> By: /s/*Elizabeth Young* _____
> Elizabeth Young
> Florida Special Bar No. A5501858
> Trial Attorney
> United States Department of Justice
> Criminal Division, Fraud Section
> 1400 New York Ave., NW
> Washington, DC 20005
> Tel: (202) 616-2171
> Email: Elizabeth.Young@usdoj.gov